1  Matthew Scott Martin
   Gordon & Melun LLC
2  5500 E. Yale Ave., Ste. 300
   Denver CO 80222
3  Email: mmartin@gorlaw.com
   Colorado Attorney Reg. No.: 10595
4  Awaiting *pro hac vice* admission
5  Phone: 303-756-0800
   Attorney for Plaintiff
6

FILED _____ LODGED
_____ RECEIVED _____ COPY

OCT 2 0 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

7

8              IN THE UNITED STATES DISTRICT COURT

9                  FOR THE DISTRICT OF ARIZONA

10

11  RAMONE TRAMMELL,                    | Case No.   CV-16-03626-PHX-DMF

12           Plaintiff                   | **COMPLAINT, WITH JURY DEMAND,**

13  v.                                   | **BASED ON DIVERSITY JURISDICTION**

14  ERIC CHARLES DETERS; CHRISTOPHER     | **FOR CLAIMS OF ATTORNEY**
    D. ROACH; and ERIC C. DETERS &
15  PARTNERS, P.S.C., NOW KNOWN AS       | **MALPRACTICE AND BREACH OF**
    DETERS & ASSOCIATES, P.S.C.,
16                                       | **CONTRACT**

17           Defendants.

18

19

20       Plaintiff Ramone Trammell, by and through counsel, for his claims against Defendants,

21  alleges as follows:

22

23                          **INTRODUCTION**

24

25  1) This is a legal malpractice lawsuit for money damages brought by Plaintiff against

26      Defendants Eric Charles Deters, Christopher D. Roach and Eric C. Deters & Partners, P.S.C.,

27      now known as Deters & Associates, P.S.C.

28

# JURISDICTION AND VENUE

Personal Jurisdiction

2)  As is shown below, this Court has personal jurisdiction over each of the defendants by virtue of the commission of the tort of negligence against Plaintiff, and that they have sufficient contacts with the State of Arizona to satisfy due process concerns.

Subject Matter Jurisdiction

3)  This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, Diversity of Citizenship. As is seen below, Plaintiff and Defendants are citizens of different states.

4)  Given the harms, claims and losses suffered by Plaintiff as a result of Defendants' negligence, the matter in controversy before this Court exceeds the sum or value of $75,000, exclusive of interests and costs.

Venue

5)  Under 28 U.S.C. § 1391, the US District Court for the District of Arizona is the proper venue for this case since, as is seen below, "a substantial part of the events or omissions giving rise to the claim occurred" within the District of Arizona.

# THE PARTIES

6)  Plaintiff Ramone Trammell is a citizen of the State of Arizona.

7)  Defendant Eric Charles Deters is a citizen of the State of Kentucky.

8)  Defendant Christopher D. Roach is a citizen of the State of Kentucky.

9)  Defendant Eric C. Deters & Partners, P.S.C. is now known as Deters & Associates, P.S.C.

10) Defendant Eric C. Deters & Partners, P.S.C. was formed as a Kentucky corporation and is hence a citizen of Kentucky.

11) Defendant Deters & Associates, P.S.C. was formed as a Kentucky corporation and is hence a citizen of Kentucky.

12) On or about November 19, 2002, Articles of Incorporation were filed with the Secretary of State for the State of Kentucky for Eric C. Deters & Associates, P.S.C.

13) On or about November 18, 2002, Eric Charles Deters signed the Articles of Incorporation for Eric C. Deters & Associates, P.S.C., as the Incorporator, and named himself as the sole shareholder and sole incorporator of the company.

14) On August 23, 2011, Defendant Eric Charles Deters signed an amendment as President of Eric C. Deters & Associates, P.S.C. changing the name of Eric C. Deters & Associates, P.S.C. to Eric C. Deters & Partners, P.S.C.

15) On or about August 25, 2011, the amendment changing the name of Eric C. Deters & Associates, P.S.C., to Eric C. Deters & Partners, P.S.C. was filed with the Kentucky Secretary of State by Defendant Eric Charles Deters.

16) On or about October 3, 2014, an amendment was filed with the Kentucky Secretary of State changing the name of Eric C. Deters & Partners, P.S.C., to Deters & Associates, P.S.C.

17) Every annual report filed with the Kentucky Secretary of State for Eric C. Deters & Associates, P.S.C. and Eric C. Deters & Partners, P.S.C. from the inception of Eric C. Deters & Associates through 2013 were filed by Defendant Eric Charles Deters and listed him (but sometimes only as "Eric Deters") as President, Secretary, Treasurer, sole director and sole shareholder.

3

18) The annual reports filed with the Kentucky Secretary of State for 2014 through 2016 Deters & Associates, P.S.C were signed by Charles H. Deters and listed Charles H. Deters as President, Secretary, Treasurer, sole director and sole shareholder and Defendant Eric C. Deters as registered agent.

19) Defendant Eric Charles Deters was formerly admitted to practice law in the states of Kentucky, Ohio and Florida.

20) To Plaintiff's best information and belief of Plaintiff, Defendant Eric Charles Deters has never been licensed to practice law in any other state, including Arizona.

21) Defendant Eric Charles Deters was admitted to practice law in Kentucky on October 10, 1986.

22) Defendant Eric Charles Deters' license to practice law in Kentucky is suspended.

23) Defendant Eric Charles Deters was admitted to practice law in Ohio on May 11, 1987.

24) Defendant Eric Charles Deters' license to practice law in Ohio was suspended on May 25, 2012 as a result of the suspension of his license in Kentucky.

25) Defendant Eric Charles Deters' license to practice law in Ohio was reinstated on August 20, 2012 as a result of the reinstatement of his license to practice law in Kentucky.

26) Defendant Eric Charles Deters' license to practice law in Ohio was again suspended on January 27, 2014 as a result of another suspension of his license to practice law in Kentucky.

27) Defendant Eric Charles Deters' license to practice law in Ohio was never reinstated after the January 27, 2014 suspension of his license.

28) Defendant Eric Charles Deters was admitted to practice law in the State of Florida on April 25, 1988.

29) On August 3, 2012, the Supreme Court of Florida, before a referee, in Supreme Court Case No. SC12-1122, granted a motion for summary judgment against Defendant Eric Charles Deters for a violation of the rules of professional conduct.

30) The referee in Florida Supreme Court Case No. SC12-1122 recommended a twelve-month suspension of Defendant Eric Charles Deters' license to practice law in Florida.

31) On June 27, 2013, the Supreme Court of Florida issued an order in Florida Supreme Court Case No. SC12-1122 suspending Defendant Eric Charles Deters' license to practice law in Florida for twelve months following the uncontested receipt of the report from the disciplinary referee.

32) Defendant Eric Charles Deters' license to practice law in Florida is still suspended.

33) Defendant Christopher D. Roach is licensed to practice law in Kentucky.

34) At all times pertinent, Defendant Christopher D. Roach was not licensed to practice law in the State of Arizona.

35) At all times pertinent, Defendant Eric Charles Deters was an associate, employee, agent and/or President of Defendant Eric C. Deters & Partners, P.S.C., now known as Defendant Deters & Associates, P.S.C.

36) At all times pertinent, Defendant Eric Charles Deters was acting within the course and scope of his association, employment, agency and/or officeholder position with Defendant Eric C. Deters & Partners, P.S.C. now known as Defendant Deters & Associates, P.S.C., and, therefore, Defendant Eric C. Deters & Partners, P.S.C., and Defendant Deters & Associates, P.S.C. are vicariously liable for the acts and omissions of Defendant Eric Charles Deters.

37) At all times pertinent, Defendant Christopher D. Roach was an associate, employee and/or agent of Defendant Eric Charles Deters, Defendant Eric C. Deters & Partners, P.S.C. and/or Defendant Deters & Associates, P.S.C.

38) At all times pertinent, Defendant Roach was acting within the course and scope of his association, employment and/or agency with Defendant Eric Charles Deters, Defendant Eric C. Deters & Partners, P.S.C. and/or Defendant Deters & Associates, P.S.C. and, therefore, Defendant Eric Charles Deters, Defendant Eric C. Deters & Partners, P.S.C. and/or Defendant Deters & Associates, P.S.C. are vicariously liable for the acts and omissions of Defendant Roach.

## **BACKGROUND**
(Underlying Dispute)

39) All events related herein occurred within the County of Maricopa, State of Arizona.

40) On June 7, 2012 at approximately 6:45 pm, Officer Tim Spruyt of the Tempe, Arizona Police Department conducted a traffic stop of a vehicle in the area of E. Cornell Drive and Forest Avenue in Tempe, Arizona because, as Officer Spruyt claimed, he smelled marijuana coming from the vehicle and the vehicle did not stop at a four-way stop.

41) As Officer Spruyt approached the stopped vehicle, a passenger, Plaintiff Ramone Trammell, exited the front seat passenger side of the stopped vehicle and ran west on E. Cornell Drive, then turning to run south on Forest Ave.

42) Officer Spruyt chased after Plaintiff.

43) Officer Spruyt fired his sidearm, a Glock pistol, at Plaintiff three times during the chase.

44) Plaintiff suffered a through-and-through gunshot wound from his left flank to his right flank as a result of the shots fired by Officer Spruyt.

45) Officer Spruyt has stated that Plaintiff exited the vehicle with a handgun and that as he chased Plaintiff he observed Plaintiff turn to his right and point the firearm at him on two separate occasions.

46) Officer Spruyt stated that during the period when Plaintiff was running, the first shot he fired was on S. Forest Avenue, then two additional shots were fired by him as he chased Plaintiff to the east in an alleyway which runs between S. Forest Avenue and S. College Avenue, both of which are south of E. Cornell Drive.

47) Officer Spruyt has further stated that he fired his weapon at Plaintiff each time Plaintiff turned to his right and pointed the firearm at him.

48) Officer Spruyt's statements that Plaintiff turned to his right could not have been correct since the entrance wound was on Plaintiff's left flank, not his right flank.

49) Ronald R. Scott, a recognized ballistics expert, reviewed both the police reports concerning the shooting, and the medical reports concerning treatment of Plaintiff for his gunshot wound, and concluded as follows in a June 18, 2013 report:

> Based upon the numerous medical conclusions that the gunshot entered on the left side of Mr. Trammell, it is my opinion that . . . [t]he entrance wound is not consistent with Mr. Trammell turning around to the right and pointing a firearm at Officer Spruyt. If Mr. Trammell was shot simultaneously as turning to the right as stated by Officer Spruyt, the gunshot entrance wound would have to be on his right side.

50) Given that Officer Spruyt's assertion that Plaintiff turned to his right just before he shot at Plaintiff was false, it is not unreasonable to conclude that Officer Spruyt's assertion that Plaintiff pointed a gun at him when Plaintiff turned to his right and looked at him was likewise false.

51) Officer Spruyt was not able to catch Plaintiff so he gave up the chase.

52) Plaintiff was arrested a short time later when he flagged down a police vehicle a few blocks from where the chase ended.

53) Plaintiff has denied that he had a gun in his possession as he exited the passenger side of the vehicle or at any time during the chase.

54) Plaintiff stated that Officer Spruyt did not yell any commands at him and that Officer Spruyt fired three consecutive shots at him rather than one shot on S. Forest Avenue, and then two additional shots in the alleyway.

55) When Office Spruyt pulled over the vehicle in which Plaintiff was riding as a passenger, he had no reasonable suspicion that Plaintiff was involved in a crime other than perhaps the use or possession of marijuana since Officer Spruyt believed that he smelled marijuana coming from the vehicle.

56) Plaintiff's headlong flight from the scene of the stop combined with the smell of marijuana coming from the vehicle did not provide Officer Spruyt with any justification to use deadly physical force against Plaintiff, as the term "deadly physical force" is defined by A.R.S. §13-410, in an attempt to get Plaintiff to stop.

57) Since it is unreasonable to assume that Officer Spruyt was telling the truth about whether Plaintiff was carrying a firearm during his headlong flight from the vehicle, Officer Spruyt's use of deadly force against Plaintiff, as described above, was objectively unreasonable and constituted the excessive use of force.

58) Plaintiff was subsequently arrested by another officer a block or two from the end of the chase.

59) Plaintiff was taken to Scottsdale Healthcare for medical treatment following his arrest.

60) Plaintiff underwent surgery for his wound, had a portion of his bowel removed, was in a coma for two days and was required to wear a temporary colostomy bag.

61) A week after the surgery, Plaintiff was taken to the Maricopa County Jail with the temporary colostomy bag in place.

62) The surgeon told Plaintiff that he should have the colostomy reversed in three months, but County Health Services failed, through deliberate indifference to Plaintiff's serious medical needs, to have the colostomy reversed in a timely manner.

63) Further, County Health Services never provided Plaintiff with proper materials to keep the area around the colostomy sanitized.

64) Plaintiff developed a hernia and infections and never had proper materials to keep the area around the colostomy clean and sanitary.

65) As shown above, the Maricopa County Jail and individual members of the jail medical staff were deliberately indifferent to Plaintiff's serious medical needs.

66) Plaintiff had general and special damages, including by way of illustration and without limitation, pain, infection, continuing disabilities, discomfort, and mental and emotional distress.

67) The unjustified shooting of Plaintiff by Officer Spruyt was an actual and/or proximate cause of Plaintiff's damages.

68) The deliberate indifference to Plaintiff's serious medical was an actual and/or proximate cause of Plaintiff's damages.

## BACKGROUND

(Underlying Representation)

69) On or about January 15, 2013, Plaintiff signed a "Personal Injury – Fee Contract" (after this, simply "the Contract") to retain and employ Eric C. Deters & Partners, P.S.C. for injuries and losses arising from the June 7, 2012 shooting described above, including the excessive use of force by Officer Spruyt and the deliberate indifference to Plaintiff's serious medical needs by medical staff at the Maricopa County Jail.

70) Although the signature of Defendant Eric Charles Deters does not appear on the Contract, he, by his words and actions, including but not limited to various email conversations he had with Plaintiff's wife, Alexandra Trammell, clearly communicated his agreement to represent Plaintiff within the scope of those matters outlined in the Contract.

71) On July 17, 2012, Plaintiff signed a power of attorney appointing Alexandra Trammell, also known at the time as Alexandra Mall, with full authority to perform all acts that he could do himself in the following areas: all legal matters; to access all medical records; all banking and finance areas; all business matters; and all other matters not covered by the preceding areas which Plaintiff could do for himself.

72) At all times pertinent, Alexandra Trammell was a permanent resident of the State of Arizona.

73) At all times pertinent, Defendant Eric Charles Deters and Defendant Christopher D. Roach communicated directly with Alexandra Trammell rather than directly with Ramone Trammell because Ramone Trammell remained incarcerated in the Maricopa County Jail and she had the power to act for Plaintiff by virtue of the power of attorney.

74) By accepting Plaintiff as a client of Defendant Eric C. Deters & Partners, P.S.C., Defendant Eric Charles Deters accepted, for himself and on behalf of Defendant Eric C. Deters & Partners, P.S.C., the duty to prosecute all of Plaintiff's claims arising from the shooting

10

described above, including but not limited to Plaintiff's claims under 42 U.S.C. Section 1983, and to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession in prosecuting such claims.

75) Defendant Eric Charles Deters knew at the time that he, for himself and on behalf of Defendant Eric C. Deters & Partners, P.S.C., agreed to represent Plaintiff that he was not licensed to practice law in Arizona.

76) When Defendant Eric C. Deters & Partners, P.S.C. was retained by Plaintiff to represent Plaintiff regarding his claims arising from the June 7, 2012 shooting, including the claim for deliberate indifference to his serious medical needs, Defendant Eric C. Deters & Partners, P.S.C., through Defendant Eric Charles Deters, expressly agreed in the Contract "to take such action as he in his sole discretion believes is necessary, including investigation, negotiation for settlement, preparation, filing and prosecution of an action for damages."

77) By agreeing to prosecute Plaintiff's "action for damages," Defendant Eric C. Deters & Partners, P.S.C., by and through Defendant Eric Charles Deters, agreed to sue for redress and to take whatever other action was necessary in order to sue for redress.[1]

78) Defendant Eric C. Deters & Partners, P.S.C., by and through Defendant Eric Charles Deters, also expressly agreed in the Contract to advance filing fees and costs, to be reimbursed by Plaintiff from any settlement or recovery.

---

[1] See State ex rel. Frohmiller v. Hendrix, 59 Ariz. 184, 189-190, 124 P.2d 768, 771 (1942)(Holding that the phrase "direct prosecution" in Article 5, §9 of the Arizona Constitution places the Arizona state auditor under a duty to sue "for redress . . . to recover state money . . . and to cause such action to be taken on her relation" as state auditor.).

79) Defendant Eric Charles Deters was prohibited by Arizona law from suing for redress in the Arizona Superior Court or the United States District Court for Arizona since he was not licensed to practice law in Arizona.

80) Since Defendant Eric Charles Deters was not licensed to practice law in Arizona, he assumed the duty to obtain *pro hac vice* admission in order to appear in court to prosecute Plaintiff's claims.

81) Since Defendant Christopher D. Roach was not licensed to practice law in Arizona, he assumed the duty to obtain *pro hac vice* admission in order to appear in court to prosecute Plaintiff's claims.

82) Defendant Eric Charles Deters breached his duty to obtain *pro hac vice* admission to permit him to appear in either Arizona state court or the United States District Court for the District of Arizona to prosecute Plaintiff's claims.

83) Defendant Christopher D. Roach breached his duty to obtain *pro hac vice* admission to permit him to appear in either Arizona state court or the United States District Court for the District of Arizona to prosecute Plaintiff's claims.

84) Defendant Eric Charles Deters and/or Defendant Christopher D. Roach prepared a rough draft of a *pro se* complaint asserting Plaintiff's claims arising from the June 7, 2012 shooting described above, including the excessive use of force by Officer Spruyt and the deliberate indifference to Plaintiff's serious medical needs by medical staff at the Maricopa County Jail.

85) Defendant Eric Charles Deters emailed the rough draft of the complaint to Alexandra Trammell on May 16, 2013 with instructions to have Plaintiff review the draft and for Alexandra to send to him the changes so he could make the necessary revisions.

86) Plaintiff is not a lawyer.

87) Alexandra Trammell is not a lawyer.

88) Alexandra Trammell asked Defendant Eric Charles Deters in a May 20, 2013 email why the draft complaint was written as a *pro se* complaint to which Defendant Eric Charles Deters answered in a May 20, 2013 email "[i]t has to be filed before I can pro hac vice in. This is quickest way. Don't worry. I'll get Kirk to file appearance and get me in it."

89) The "Kirk" referenced by Defendant Eric Charles Deters was Kirk Smith, an Arizona licensed attorney with the Law Offices of Davis Miles McGuire Gardner, PLLC in Tempe, Arizona.

90) Defendant Eric Charles Deters applied for and was granted *pro hac vice* admission to represent Plaintiff in the criminal charges pending in the Superior Court of Maricopa County, Arizona against Plaintiff arising from the June 7, 2012 incident.

91) Kirk Smith was local counsel on the *pro hac vice* admission of Defendant Eric Charles Deters as a lawyer for Plaintiff in the criminal charges pending in the Superior Court of Maricopa County, Arizona against Plaintiff arising from the June 7, 2012 incident.

92) Rather than obtain a court's permission to litigate Plaintiff's claims arising from the June 7, 2012 incident in an Arizona state or federal court of competent jurisdiction, Defendant Eric Charles Deters and/or Defendant Christopher D. Roach, prepared the handwritten complaint to be filed by Plaintiff *pro se*.

93) Defendant Christopher D. Roach emailed the complaint to Alexandra Trammell on June 5, 2013, after changes were made in the Complaint by Defendant Eric Charles Deters and/or Defendant Christopher D. Roach, and instructed her to have Plaintiff sign the complaint and for her to file it for Plaintiff *pro se*.

94) Alexandra Trammell, acting on behalf of Plaintiff, who remained incarcerated, did cause the complaint prepared for Plaintiff by Defendant Eric Charles Deters and/or Defendant Christopher D. Roach to be signed by Plaintiff and filed *pro se* on June 5, 2013 in the United States District Court for the District of Arizona, case number 2:13-cv-01135.

95) At the time that Defendant Eric C. Deters & Partners, P.S.C. was retained by Plaintiff, Defendant Eric Charles Deters was the subject of two disciplinary proceedings commenced in Kentucky in 2012 and which were presided over by the Board of Governors of the Kentucky Bar Association.

96) The Board of Governors of the Kentucky Bar Association recommended the suspension of Defendant Eric Charles Deters from the practice of law.

97) Defendant Eric Charles Deters sought review of this recommendation from the Board of Governors of the Kentucky Bar Association with the Kentucky Supreme Court.

98) On May 23, 2013, the Kentucky Supreme Court upheld the Board of Governors' recommendations and suspended Defendant Eric Charles Deters from the practice of law for sixty days.

99) Defendant Eric Charles Deters filed a request for a reconsideration of the May 23, 2013 suspension order, which request was denied by the Kentucky Supreme Court on August 29, 2013.

100)   Defendant Eric Charles Deters knew or should have known that his suspension from the practice of law in Kentucky would result in the suspension from the practice of law in Ohio and Florida.

101)   Defendant Eric Charles Deters' duty to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession in prosecuting claims such as Plaintiff's

14

claims included informing Plaintiff that he was the subject of two disciplinary proceedings commenced in Kentucky in 2012, that the Board of Governors of the Kentucky Bar Association recommended the suspension of Defendant Eric Charles Deters from the practice of law, that the Kentucky Supreme Court on May 23, 2016 issued an order that suspended Defendant Eric Charles Deters, that the Kentucky Supreme Court denied Defendant Eric Charles Deters' request for reconsideration and that he was also suspended from the practice of law by the states of Ohio and Florida.

102)   Defendant Eric Charles Deters never informed Plaintiff or Alexandra Trammell that at the time Plaintiff retained him, he was the subject of two disciplinary proceedings commenced in 2012 in Kentucky.

103)   Defendant Eric Charles Deters never informed Plaintiff or Alexandra Trammell that the Board of Governors of the Kentucky Bar Association recommended his suspension from the practice of law.

104)   Defendant Eric Charles Deters never informed Plaintiff or Alexandra Trammell that on May 23, 2013 he was suspended from the practice of law by the Kentucky Supreme Court.

105)   Defendant Eric Charles Deters never informed Plaintiff or Alexandra Trammell that he was suspended from the practice of law by the states of Ohio and Florida.

106)   Defendant Christopher D. Roach knew or should have known on or before May 23, 2013 that Defendant Eric Charles Deters was under disciplinary review and that the Board of Governors for the Kentucky Bar Association recommended his suspension from the practice of law in Kentucky.

107)    At all times pertinent, Defendant Christopher D. Roach knew or should have known that on May 23, 2013 Defendant Eric Charles Deters was suspended from the practice of law by the Kentucky Supreme Court.

108)    Despite the suspension of May 23, 2016, Defendant Eric Charles Deters continued to correspond with Alexandra Trammell through June 13, 2013 as if he was still practicing law, responding to her emails and advising her on various issues regarding Plaintiff's case.

109)    On September 4, 2013, the United States District Court for the District of Arizona issued an order on its own accord dismissing Plaintiff's Complaint, with leave to amend, on the basis of several procedural deficiencies in the complaint and also for the omission of pertinent facts the omission of which resulted in the failure of Plaintiff to state a claim.

110)    Defendant Eric Charles Deters and/or Defendant Christopher D. Roach, prepared a handwritten First Amended complaint and sent it to Alexandra Trammell to be filed by Plaintiff *pro se*.

111)    The handwritten First Amended Complaint was signed by Ramone Trammell on October 2, 2013.

112)    The handwritten First Amended Complaint was filed *pro se* with the court by Alexandra Trammell on October 3, 2013.

113)    On November 27, 2013, the United States District Court for the District of Arizona issued an order on its own accord dismissing Plaintiff's First Amended Complaint, with leave to amend within 30 days, on the basis of several procedural deficiencies in the complaint and also for the omission of pertinent facts the omission of which resulted in the failure of Plaintiff to state a claim.

114)   Some of the deficiencies cited by the Court in its November 27, 2013 order were the same deficiencies cited by the Court in its September 4, 2013 order dismissing the original complaint.

115)   The November 27, 2013 order informed Plaintiff of what would happen if he did not correct the deficiencies in his Second Amended Complaint, as follows:

> [I]f Plaintiff fails to file a Second Amended Complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

116)   Defendant Eric Charles Deters and/or Defendant Christopher D. Roach, prepared a handwritten Second Amended Complaint to be filed by Plaintiff *pro se*.

117)   On December 27, 2013, Defendant Christopher D. Roach emailed the handwritten Second Amended Complaint to Alexandra Trammell with instructions to file the complaint with the court that very same day.

118)   In his December 27th email to Alexandra Trammell, Defendant Christopher D. Roach asked her that if she had time, "please look for an Arizona Attorney to help us handle the case, so we can pro-hac in. I have not been having much luck."

119)   Even though the sixty period of suspension in Kentucky had lapsed by December 27, 2013, Defendant Eric Charles Deters did not apply with the Kentucky Bar Association or the Kentucky Supreme Court to have his privilege to practice law reinstated.

120) At the time of Defendant Roach's December 27th email, neither Defendant Eric Charles Deters nor Defendant Christopher D. Roach had informed Alexandra Trammell or Plaintiff that Defendant Eric Charles Deters remained suspended from the practice of law.

121) On December 27, 2013, Alexandra Trammell filed the Second Amended Complaint that had been prepared by Defendant Eric Charles Deters and/or Defendant Christopher D. Roach.

122) On February 26, 2014, the Court issued an order dismissing, without leave to amend, the Second Amended Complaint on the grounds that Plaintiff had failed to correct the deficiencies. The Court stated, among other things, as follows:

> Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

123) Plaintiff wanted to appeal the Court's dismissal of his Second Amended Complaint to the Ninth Circuit Court of Appeals.

124) The deadline for filing the notice of appeal was May 8, 2014.

125) Neither Defendant Eric Charles Deters nor Defendant Christopher D. Roach obtained *pro hac vice* admission in order to appear before the Ninth Circuit Court of Appeals.

126) Neither Defendant Eric Charles Deters nor Defendant Christopher D. Roach informed Plaintiff or Alexandra Trammell of any intent to terminate the Contract following the dismissal of the Second Amended Complaint by the United States District Court for the District of Arizona.

127) On March 28, 2014, Defendant Christopher D. Roach sent an email to Alexandra Trammell with a notice of appeal that he had drafted attached to the email.

128) The March 28th email was sent from chrisroach@ericdeters.com.

129)   In the March 28th email, Defendant Christopher D. Roach told Alexandra Trammell, "I need you to file this with the District Court today. There is a filing fee as well."

130)   Defendant Christopher D. Roach intended that Plaintiff pay the filing fee for the appeal even though the Contract expressly stated that Defendant Eric C. Deters & Partners, P.S.C. would advance the filing fees and costs.

131)   Neither Defendant Eric Charles Deters nor Defendant Christopher D. Roach informed Plaintiff or Alexandra Trammell of any intent to abrogate the expressed contractual duty to advance the filing fees and costs for to pay for Plaintiff's claims.

132)   Defendant Christopher D. Roach signed the March 28th email with the shortened version of his first name, and indicated in his signature block that his street address was 5247 Madison Pike, Independence, Kentucky 41051.

133)   The street address of 5247 Madison Pike, Independence, Kentucky 41051 has been listed as the principal office address for Eric C. Deters and Associates, P.S.C. and Defendant Eric C. Deters & Partners, P.S.C., now known as Defendant Deters & Associates, P.S.C., continuously through the present day since the 2005 Annual Report was filed with the Kentucky Secretary of State on July 5, 2012.

134)   On March 29, 2014, Alexandra Trammell sent an email to Defendant Christopher D. Roach in response to his March 28th email asking Defendant Roach, "Did you get in touch with Kirk?"

135)   The "Kirk" referenced by Alexandra Trammell in her March 29th email was Kirk Smith, the Arizona licensed attorney with the Law Offices of Davis Miles McGuire Gardner, PLLC in Tempe, Arizona, referenced above.

136)    Neither Defendant Eric Charles Deters nor Defendant Christopher D. Roach responded to Alexandra Trammell's March 29th email.

137)    On April 8, 2014, United States District Judge G. Murray Snow extended the deadline upon Plaintiff's motion for an extension of time to gather up the funds to pay the filing fee for the appeal.

138)    Alexandra Trammell attempted to reach Defendant Christopher D. Roach several times before the due date for the opening brief, but to no avail.

139)    Alexandra Trammell even sent Defendant Christopher D. Roach an email to chrisroach@ericdeters.com on June 27, 2014, stating the following:

> Chris, I have continuously been trying to get ahold of you in regards to the appeal we filed. I have left messages for you on your voicemail and with secretaries. Please call me as soon as possible. We need to figure out what is going on. We have not heard anything from you since we refiled. I'm sure you are aware of the time restraint on this appeal. We have another important matter that we really need you to attend to. It is URGENT that you call Me immediately.

140)    Neither Defendant Eric Charles Deters nor Defendant Christopher D. Roach responded to Alexandra Trammell's June 27th email.

141)    Neither Defendant Eric Charles Deters nor Defendant Christopher D. Roach informed Plaintiff or Alexandra Trammell of any intent to not file an opening brief for the appeal.

142)    On October 22, 2014, the United States Court of Appeals for the Ninth Circuit issued an order dismissing the appeal for failure of appellant to file an opening brief.

143)    Plaintiff relied upon Defendant Eric Charles Deters and/or Defendant Christopher D. Roach to obtain *pro hac vice* admission on Plaintiff's case.

144)    Defendant Eric Charles Deters and/or Defendant Christopher D. Roach breached their duty to obtain *pro hac vice* admission on Plaintiff's case.

145)   Defendant Eric Charles Deters and Defendant Christopher D. Roach had a duty to prepare a deficiency-free *pro se* complaint, including a duty to correct the deficiencies pointed out by the Court in its orders to dismiss.

146)   Defendant Eric Charles Deters and Defendant Christopher D. Roach breached their duty to prepare a deficiency-free *pro se* complaint and to correct any deficiencies noted by the Court in its orders.

147)   Defendant Eric Charles Deters and Defendant Christopher D. Roach had a duty to prepare Plaintiff's opening brief for the appeal before the Ninth Circuit Court of Appeals.

148)   Defendant Eric Charles Deters and Defendant Christopher D. Roach breached their duty to prepare Plaintiff's opening brief for the appeal before the Ninth Circuit Court of Appeals.

149)   Defendant Eric Charles Deters and Defendant Christopher D. Roach had a duty to timely file Plaintiff's opening brief for the appeal before the Ninth Circuit Court of Appeals.

150)   Defendant Eric Charles Deters and Defendant Christopher D. Roach breached their duty to timely Plaintiff's opening brief for the appeal before the Ninth Circuit Court of Appeals.

151)   Defendant Eric Charles Deters and Defendant Christopher D. Roach breached their duty to prosecute all of Plaintiff's claims arising from the shooting described above, including but not limited to Plaintiff's claims under 42 U.S.C. Section 1983, and to exercise that degree of skill, care, and knowledge commonly exercised by members of the profession in prosecuting such claims.

152)   Defendants' breach of their duties to Plaintiff resulted in the loss of Plaintiff's claims against Officer Spruyt, the Tempe Police Department, certain medical staff members at the Maricopa County Jail, and the Maricopa County Sheriff.

153)   Plaintiff had general and special damages, including by way of illustration and without limitation, loss of damages that he would have or could have obtained if successful in the prosecution of his claims, including damages for pain, infection, continuing disabilities, discomfort, and mental and emotional distress.

## FIRST CLAIM FOR RELIEF

### (Legal Malpractice)

154)   Plaintiff incorporates paragraphs 1 through 149, above, into his First Claim for Relief.

155)   A reasonably careful attorney, having and using that degree of knowledge and skill of attorneys practicing law in the State of Arizona in 2013, would have done the following:

a)   Informed Plaintiff that he was the subject of two disciplinary proceedings commenced in Kentucky in 2012;

b)   Informed Plaintiff that the Board of Governors of the Kentucky Bar Association recommended his suspension from the practice of law;

c)   Informed Plaintiff that the Kentucky Supreme Court on May 23, 2016 issued an order that suspended Defendant Eric Charles Deters from the practice of law;

d)   Informed Plaintiff that the Kentucky Supreme Court denied Defendant Eric Charles Deters' request for reconsideration; and,

e)   Informed Plaintiff that he was also suspended from the practice of law in Ohio and Florida.

f)   Obtained *pro hac vice* admission either in the US District Court for the District of Arizona or the Superior Court of Maricopa County, Arizona.

g)  Prepared and filed complaints that would meet the deficiencies cited by the Court in the September 4, 2013 and November 27, 2013 orders to dismiss with leave to amend.

h)  Prepared and filed an opening brief in the appeal before the Ninth Circuit Court of Appeals.

156)  Defendants Eric Charles Deters, Christopher D. Roach and Eric C. Deters & Partners, P.S.C., now known as Deters & Associates, P.S.C., were negligent, having failed to meet the standards of care set forth above.

157)  Defendants Eric Charles Deters, Christopher D. Roach and Eric C. Deters & Partners, P.S.C., now known as Deters & Associates, P.S.C., negligence was an actual and/or proximate cause of Plaintiff's damages.

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

158)  Plaintiff incorporates paragraphs 1 through 149 above, into his Second Claim for Relief.

159)  Defendants Eric Charles Deters, and Eric C. Deters & Partners, P.S.C., now known as Deters & Associates, P.S.C. agreed in the Contract "to take such action as he in his sole discretion believes is necessary, including investigation, negotiation for settlement, preparation, filing and prosecution of an action for damages."

160)  Defendant Christopher D. Roach, by virtue of his conduct and by the fact of this employment, association and/or agency relationship with Defendant Eric C. Deters & Partners, P.S.C., now known as Deters & Associates, P.S.C agreed "to take such action as he in his sole discretion believes is necessary, including investigation, negotiation for settlement, preparation, filing and prosecution of an action for damages."

161)   Defendants Eric Charles Deters, and Eric C. Deters & Partners, P.S.C., now known as Deters & Associates, P.S.C. expressly agreed in the Contract to advance Plaintiff's filing fees and costs.

162)   Defendant Christopher D. Roach, by virtue of his conduct and by the fact of this employment, association and/or agency relationship with Defendant Eric C. Deters & Partners, P.S.C., now known as Deters & Associates, P.S.C, agreed to advance Plaintiff's filing fees and costs.

163)   Defendants failed to keep their promises as specified above to Plaintiff.

164)   Plaintiff suffered harms, claims and losses flowing from the Defendants' failure to keep their promises as specified above to Plaintiff as specified above.

FOR THESE REASONS, Plaintiff Ramone Trammell requests this Court to enter judgment in his favor and against Defendant for actual damages in an amount to be determined at trial and for interest, costs, and attorney fees as allowed by law.

## JURY DEMAND

The Plaintiff demands a trial by jury on the claims raised by this Complaint.

RESPECTFULLY submitted this 18th day of October, 2016.

GORDON & MELUN LLC

Matthew Scott Martin
Gordon & Melun LLC
5500 E. Yale Ave., Ste. 300
Denver CO 80222
Telephone: 303-756-0800
Fax: 303-756-9315
E-mail: mmartin@gorlaw.com
Attorney for Plaintiff

Plaintiff's Address:
Ramone Trammell
T241890
c/o Maricopa County 4th Avenue Jail
201 S 4th Ave
Phoenix AZ 85018